# Durante et al. *v.* Alba, Appellant.

*Lateral support—Conveyance of part of land—Continuance of right in grantee—Damages—Structure on land—Damages for detention—Land in natural state—Adjoining land.*

1. Where a building erected on a plot of land derives lateral support from other parts of said land, a right to the continuance of such support will pass to a subsequent purchaser of the building, unless excluded by the terms of the grant.

2. Such right is as absolute as the right to lateral support for the soil itself.

3. This rule does not apply as regards adjoining land not belonging to the builder. In that case the right of lateral support exists only in favor of the land in its natural state.

4. While an adjoining owner who is excavating on his own lot, is not required to support his neighbor's building, he may do so if he chooses, and in that event will be liable for his negligence.

5. While the measure of damages for a permanent injury to land is the difference between the market value thereof before and after the injury was inflicted, this rule has no application to an injury which affects only a structure on the land.

6. The measure in such cases is the cost of repair, or the actual value of the building at the time of the injury, less anything salvaged from it, whichever is least in amount, together with damages for detention, if the facts justify them.

*Appeals—Modification of judgment—Trial without jury—Measure of damages—Practice, Supreme Court.*

7. Where on a trial by the court without a jury a judgment is properly entered for plaintiff, but the measure of damages applied is improper, the Supreme Court will modify the judgment by setting aside the assessment of damages and remitting the record with a procedendo, in order that the damages may be properly determined.

Argued February 2, 1920. Appeal, No. 207, Jan. T., 1920, by defendant, from judgment of C. P. Montgomery Co., Oct. T., 1917, No. 190, for plaintiff on case tried by the court without a jury in case of John Durante and Nunzio Bucci v. Michael Alba. Before BROWN, C. J.,

FRAZER, WALLING, SIMPSON and KEPHART, JJ. Judgment modified.

Trespass for destruction of a building caused by withdrawal of lateral support. Before MILLER, J.

The facts appear by the opinion of the Supreme Court.

The case was tried by agreement of the parties by the court without a jury. MILLER, J., entered judgment for plaintiffs for $3,991.65. Defendant appealed.

*Errors assigned* were in overruling various exceptions to the court's findings of facts and conclusions of law.

*Nicholas H. Larzelere,* with him *Henry W. Brownback, Charles Townley Larzelere* and *Franklin L. Wright,* for appellant.—The first builder upon adjoining lots in a town is bound to use suitable materials and build them skillfully in the foundation wall or partition; for if, upon excavation for the construction of a house upon the adjoining lot, notwithstanding the use of proper and ordinary care and diligence, the first wall should fall in consequence of their defects, it must be regarded as damnum sine injuria: Richart v. Scott, 7 Watts 460; McGettigan v. Potts, 149 Pa. 155; Noonan v. Pardee, 200 Pa. 474; Matulys v. C. & I. Co., 201 Pa. 70; Cooper v. Altoona C. C. & S. Co., 231 Pa. 557; McClellan v. Schwerd, 32 Pa. Superior Ct. 313; Freseman v. Purvis, 51 Pa. Superior Ct. 506; McKeand v. Skirboll, 55 Pa. Superior Ct. 28.

The court erred as to the assessment of damages. McClellan v. Schwerd, 32 Pa. Superior Ct. 313.

*Henry Freedley,* with him *Henry I. Fox,* for appellees.

OPINION BY MR. JUSTICE SIMPSON, February 23, 1920:

The owner of a tract of ground, upon which was erected a brick building, sold to plaintiffs a part of the land with the building thereon, retaining the balance of the

property extending to the side of said building. Subsequently this balance, by various mesne conveyances, became vested in defendant, who proceeded to erect a store on it, the cellar of which was to extend below the bottom of the foundation wall of plaintiffs' house, the division wall whereof was, however, to be used as a party wall, defendant having purchased from plaintiffs the right to use it. In order to protect it, the contractor for the excavation, when he reached the bottom of the wall, receded back before digging deeper, thus leaving a bench of earth for its support. Subsequently, and after several rainy days, defendant went into the cellar and removed the bench of earth, thus leaving the foundation wall unsupported on the side toward his property. As a result the wall fell dragging down the rest of the building, and plaintiffs brought this action to recover for the loss thereof. By agreement of the parties, the case was referred to the court below for trial without a jury, resulting in findings of fact and conclusions of law; exceptions thereto filed by defendant were dismissed, judgment was entered for plaintiffs, and therefrom defendant now appeals, averring the court below erred (1) in deciding he had any other duty than to support the soil in its natural state, and (2) that the damages were the difference between the value of the property before and after the injury. The assignments of error are numerous, but these two objections cover the whole case.

In support of his claim that he is not liable for the collapse of the building, defendant relies upon Richart v. Scott, 7 Watts 460, and cases in its train. The basis of these decisions is that every one is bound to know of his neighbor's right to excavate his lot when and as he pleases, so long as he does not do so negligently, and hence at his peril builds too close to the neighbor's line. This rule, however, has no relevancy, as here, the building was not erected near a party line, but at the time of its construction derived ample support from the

rest of the builder's own land.   In the former instance the adjoining owner has no duty of lateral support except for the soil itself; whereas, in the latter, if the owner afterwards divides the property and conveys the portion with the building on it, retaining ownership of the rest, there arises an implied duty of lateral support of the building as well as of the soil, charged upon so much of the land adjoining the building as is necessary for that purpose; and, unless excluded by the grant, this implication runs with the land in the hands of subsequent purchasers of the retained portion.   This distinction is universally recognized, both in this country and abroad (4 Leading Cases on the American Law of Real Property 268; Goddard on the Law of Easements (6th ed.) 320-1; Jones on Easements, Sect. 605; Washburn's Easements and Servitudes *436; 1 Ruling Case Law 387), the obligation under such circumstances being as absolute regarding the building as it is regarding the land in its natural state: 1 Ruling Case Law 387; 1 Corpus Juris 1216.   Moreover, this conclusion is sound in principle, and while no case squarely in point is found in this State, it is in accord with our rulings in Seibert v. Levan, 8 Pa. 383, and Kieffer v. Imhoff, 26 Pa. 438, and the numerous cases following them, in which we held that the purchaser of a portion of a tract of land takes it burdened or benefited by all palpable and manifest qualities annexed thereto, or which appear in his chain of title.

The same result would be reached, however, even if the rule contended for by defendant applied; for, while (under the circumstance of separate ownership at the time of the erection of a building) the adjoining owner is not obliged to support it when he builds on his own land, he may do so if he chooses, being liable for any damage caused by his negligence: Malone v. Pierce, 231 Pa. 534; Cooper v. Altoona Concrete Construction and Supply Company, 231 Pa. 557.   Here defendant elected to support the building, possibly because of his

purchase of the right to use the division wall as a party wall; and, as the court below found, so carelessly removed the bench of earth from under it as to cause its collapse. In either aspect of the case, therefore, the court below correctly held defendant responsible, and the only remaining question was the amount for which he was liable.

Upon this point the trial judge incorrectly held the measure of damages to be the difference between the value of plaintiffs' property as it was with the building upon it and its value after the building fell. This is a necessary rule in cases of eminent domain, for not otherwise can be measured the extent of the consequential damages to which the owner is constitutionally entitled. It also applies where the realty, as distinguished from the structures upon it, has been permanently injured or destroyed; as, for instance, where riparian land has been partially washed away by changing the channel of a stream: Shaffer v. Pennsylvania Company, 265 Pa. 542; or springs of water upon the property have been destroyed, as in Rabe v. Schoenberger Coal Company, 213 Pa. 252, upon which the trial judge relied, wherein, however, the distinction referred to was made manifest when we said "Other injuries, such as the sinking of the dwelling house......were remediable. For the latter, the cost of repair or restoration is obviously the measure of the damage." In the present instance the only claim made is for "totally wrecking and destroying the building." Hence if enough thereof was left to justify its repair, at a cost not exceeding its value immediately prior to the injury, this would be the measure of plaintiffs' damage. Otherwise it would be the actual value of the building itself, taking into consideration its age, condition and any other circumstances affecting it, and less anything salvaged from it. Of course, in either case, damages for detention should be allowed if the facts justify them.

It follows from what has been said that the court below was right in entering judgment for plaintiffs, but wrong in the measure of damages adopted by it, and hence we must sustain the 22d and 23d assignments, challenging its rulings on this matter, unless the error was harmless. This, however, we cannot conclude from either the findings or the proofs. It is true the trial judge says: "The cost of restoring the plaintiffs' property......would have exceeded the depreciation in the market value of their premises," and again: "The value of the old [building] as it stood in place on the day of its destruction, was approximately equivalent to such diminution" in the market value of the land and building; but he also found "there is no evidence from which the court could assess damages to plaintiff for any injury to his building," as distinguished from "the building and its lot, or the premises as a whole."

Happily, under section 1 of the Act of June 16, 1836, P. L. 785, and section 2 of the Act of May 20, 1891, P. L. 101, this error can be corrected by so modifying the judgment as to set aside the assessment of damages, and by remitting the record with a procedendo, with leave to produce additional evidence in order that the damages may be properly determined.

The judgment of the court below is modified by vacating the assessment of damages, and the record is remitted with a procedendo.