## Steere *v.* Harford Township, Appellant.

*Evidence—Value of real estate permanently damaged—Rental value—Testimony—Inadmissibility.*

In an action of trespass to recover damages for permanent injury to real estate, caused by the reconstruction of a bridge, the measure of damages is the difference between the value of the real estate before and after the change in the bridge, that is, the deterioration in the market value of the whole property caused thereby.

Where the plaintiff testified as to the market value before and after the injury, it might have been proper for him to state the rental value as an element entering into his estimate of market value. But such evidence can never constitute an exclusive standard for that purpose.

Instructions to the jury referring to the question of rental value, which were "While evidence of rental value is not direct evidence of market value, nevertheless we think you will be permitted, and we charge you, that you may take into consideration as to a considerable extent rental value as related to market value," are erroneous, where the witness who testified as to the rental value had not given the market value.

Argued March 4, 1924. Appeal, No. 17, Feb. T., 1924, by defendant, from judgment of C. P. Susquehanna Co., Jan. T., 1921, No. 125, on verdict for plaintiff, in the case of Warren Steere v. The Township of Harford, Susquehanna County and State of Pennsylvania. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

234, (1924).]    Verdict—Opinion of the Court.

Trespass to recover damages for injuries to real estate.  Before SMITH, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiff in the sum of $1,196.25 and judgment thereon.  Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court, answers to points and refusal of defendant's motions for a new trial and for judgment non obstante veredicto.

*John M. Kelly,* for appellant.—It was error to permit testimony as to the rental value of the real estate: Forster v. Rogers Bros., 247 Pa. 64; Stone v. Del., Lack. & W. R. R. Co., 257 Pa. 463; Tiffany v. Delaware, L. & W. R. R. Co., 262 Pa. 306; Pauza v. L. V. Coal Co., 231 Pa. 580.

*C. L. Vanscoten,* of *Vanscoten & Little,* for appellee.

OPINION BY GAWTHROP, J., April 21, 1924:

This is an action of trespass to recover damages for permanent and irreparable injury done to a mill property.  The injury is alleged to have been caused by the change in the construction of a township bridge over East Martin Creek, whereby the channel of that stream was obstructed below the plaintiff's mill so that the waters thereof were backed up to such an extent that the mill and the land surrounding it were flooded and depreciated in value.  There was a verdict and judgment for plaintiff.  Extended reference to the facts is unnecessary.

The first assignment of error complains of the refusal to strike out the testimony of plaintiff's witness, Ernest Palmer, as to the market value of the property.  After the witness had, in the opinion of the trial judge and in our opinion, qualified to give his opinion on the subject,

and had testified as to the value before and after the injury complained of, he was examined as to the rental value of the property. He was unable to qualify in that respect and his opinion on that subject was excluded. After counsel for the defendant had cross-examined the witness, he moved the court to strike out the entire testimony of the witness, because some of his answers showed that his opinion as to the difference in value before and after was based upon what he believed could be earned from the mill before the change in the bridge and after the change. But the witness had previously qualified by expressing a knowledge of sales of similar properties in the vicinity. While the cross-examination of the witness might seriously affect the weight of his testimony with the jury as to values, it did not destroy his competency. It would have been error to strike out his testimony.

It is urged, in support of the fourth assignment, that the court below erred in refusing to strike out the testimony of the plaintiff as to the rental value. The plaintiff was unable to qualify as a witness as to the market value of his property. But he was permitted to testify as to its rental value, which he fixed at $50 per month before the change in the bridge and $5 per month after the change. That was the basis of his suit. It involved injury to the land itself. As we view the record, the permanency of the injury was not seriously disputed. Therefore, the proper measure of damage was the difference between the value of the real estate before and after the change in the bridge, that is, the deterioration in the market value of the whole property caused thereby: Durante et al. v. Alba, 266 Pa. 444; Shaffer v. Pennsylvania Co., 265 Pa. 542; Riddle v. Delaware County, 156 Pa. 643. If the plaintiff had testified as to market value before and after the injury, possibly it would have been proper for him to state the rental value as an element entering into his estimate of market value. But such evidence can never constitute an exclusive standard for that pur-

pose: Forster v. Rogers Bros., 247 Pa. 54; Lynn v. Dunmore Borough, 80 Pa. Superior Ct. 590.  It follows that the plaintiff's evidence as to rental value was inadmissible and, if it had been objected to, it would have been error to receive it.  But it was not objected to and counsel for the defendant did not move to strike it out until the case was closed.  The rule of practice governing under such a state of facts was recently stated by the Chief Justice in Forster v. Rogers Bros., 247 Pa. 54, as follows: "When irrelevant and incompetent testimony is elicited by questions which are not objected to at the time they are put, and the trial is permitted to proceed with this testimony upon the record, the refusal of a request to strike it out, made after the witness has left the stand, will not be reviewed; in such a case the only course is to ask that the jury be instructed to disregard the testimony, and a refusal of this request can be assigned for error."  Under this rule, the motion to strike out was too late.

The third assignment challenges the correctness of the portion of the charge which refers to the plaintiff's testimony as to rental value.  The court said: "While evidence of rental value is not direct evidence of market value, nevertheless we think you will be permitted, and we charge you that you may take into consideration as to a considerable extent rental value as related to market value."  The learned trial judge in his opinion dismissing the motions for a new trial and judgment n. o. v. expressed some doubt as to the correctness of this instruction.  We have no doubt that it was error.  Although the evidence of rental value was before the jury, the judge was not required to refer to it unless requested to do so.  But when he did refer to the effect and bearing of such evidence, the instruction should have been in harmony with what we have stated on that subject.  As the witness who testified as to rental value had not given market value, proper instruction would have taken from the jury the right to give the evidence of rental value

any consideration.   But they were told that they could consider it "to a considerable extent" in relation to market value.   They must have understood that such evidence could be considered in relation to the testimony of plaintiff's witness, Palmer, who was his only witness as to market value.   The instruction that such evidence might be considered to any extent in this connection was erroneous.

It is unnecessary to consider the other assignments. The third and seventh are sustained.   All of the others are overruled.   The judgment is reversed and a new trial granted.