**RUSSELL et al. v. UNITED STATES**
(MITCHELTREE et al., third-party defendants).

Civil Action No. 4194.

United States District Court
M. D. Pennsylvania.

July 3, 1953.

W. Roger Fetter, Lewisburg, Pa., for plaintiffs.

Arthur A. Maguire, U. S. Atty., Scranton, Pa., Charles W. Kalp, Asst. U. S. Atty., Lewisburg, Pa., for defendant and third-party plaintiff.

Michael Kivko and Roger S. Haddon, Sunbury, Pa., for third-party defendants.

FOLLMER, District Judge.

This action was instituted by the plaintiffs against the United States of America under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., to recover for damage to personal property owned by them, which damage occurred when a tractor-trailer rammed into a house occupied by them as tenants, after colliding with a United States Post Office bus owned by defendant. The United States of America as third-party plaintiff brought into the action Theodore L. Mitcheltree (the driver of the tractor-trailer), Cyril A. Pitoniak (the owner of the tractor), and Mushroom Transportation Company, Inc., (the owner of the trailer) as third-party defendants.

It was agreed by the parties that the evidence be presented in a jury trial, with the jury rendering a special verdict on the question of negligence of Mitcheltree (the driver of the tractor-trailer), who was conceded to be the agent of the other third-party defendants, and that the Court decide the main action on the basis of the evidence so presented,[1] together with supplementary evidence on the matter of damages, with which the jury was not concerned.

### Findings of Fact

The facts are:

1. The plaintiffs are, and at the time of the occurrences herein set forth were, the tenants on a farm situated in the Village of White Deer, Union County, Pennsylvania, on which was erected, along United States Highway Route No. 15, a frame dwelling house.

2. On December 15, 1950, at about 10:20 o'clock A.M., Theodore L. Mitcheltree, as an employee and agent of Cyril A. Pitoniak (owner of a Brockway tractor) and Mush-

1. Following the suggestion of United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523.

room Transportation Company, Inc. (owner of a Strick trailer), was driving said tractor-trailer unit in a northerly direction on a through highway known as United States Highway Route No. 15 within the Village of White Deer, White Deer Township, Union County, Pennsylvania.

3. At the same time and place, one Joseph Shank, an employee of the United States of America and within the scope of his employment, was operating a United States Post Office bus in a northwesterly direction on a side road in the Village of White Deer, known as "Old Main Street" or old Route No. 15, to a point where same, at an angle, entered the United States Highway Route No. 15, and continued driving said Post Office bus onto said main United States Highway Route No. 15 in a northerly direction.

4. There was a Highway Department "Thru Traffic Stop" sign on said "Old Main Street" at its point of entrance onto United States Highway Route No. 15.

5. At the time Shank drove the Post Office bus onto the main highway there was a clear view to his left (the direction from which the tractor-trailer was approaching); he saw the tractor-trailer approaching at a speed which he estimated at 40-50 miles per hour; the road was wet, slushy and slippery; the tractor-trailer, which had the technical right-of-way, was only 350 to 400 feet away; Shank proceeded onto the main highway on an arc which took the front of the Post Office bus beyond the center of the highway, and at the time of collision the front left of the Post Office bus was still beyond the center of the highway.

6. Shank negligently operated the Post Office bus in entering the main highway from the side road, past a stop sign with all the dangers and conditions present at the time he did so, and such negligence was a proximate cause of the accident.

7. The jury, by a special verdict, found that Theodore L. Mitcheltree was also negligent in his operation of the tractor-trailer and that this was a contributing proximate cause to the accident.

8. The tractor-trailer, after colliding with the Post Office bus, swerved to the left, ran off the road and struck the house occupied by the plaintiffs, with such force that the front porch was torn off, the corner of the house demolished, the front of the house moved 17 feet off its foundation, the floors buckled, the walls cracked and damaged, the plaster knocked off a large part of the ceilings and walls, the chimney destroyed, the roof damaged, the general frame work of the building thrown out of plumb, and the foundation wall damaged. Plaintiffs' furniture was tossed around and broken, as well as being damaged by falling plaster and debris, with carpets and linoleum being torn beyond repair by the buckling of the floors. The impact of the truck, which made a gaping hole in the corner of the house, destroyed furniture located in that corner, including a set of dishes packed in a box and stored there.

9. By reason of the collision of the tractor-trailer with the house and the damage sustained to the house, it was rendered untenantable and the plaintiffs lost the value of their lease from December 15, 1950, to April 1, 1951, and were forced to obtain other quarters some distance from their farm property.

10. As a result of the aforesaid collision, the plaintiffs suffered the following items of damage:

A. Loss of the use of leased premises, in the amount of $84.00, composed of articles as follows:

| | |
|---|---|
| Cost of leasing other premises ... | $ 74.00 |
| Cost of storage for furniture ..... | 10.00. |

B. Loss of personal property destroyed beyond repair in an amount of $677.00, composed of the following articles:

| | |
|---|---|
| Living Room Suite ............. | $200.00 |
| Dream Chair ................... | 40.00 |
| Coffee Table .................. | 15.00 |
| End Tables .................... | 17.00 |
| 9' x 12' Rug .................. | 72.00 |
| 2 Table Lamps ................. | 15.00 |
| Floor Lamp ................... | 10.00 |
| Large Mirror ................. | 7.00 |
| 11 Picture Frames ............. | 5.00 |
| Radio Table .................. | 5.00 |
| Radio Phonograph ............. | 72.00 |
| 3 Pr. Curtains ................ | 6.00 |

356

| | |
|---|---|
| Set of Dishes | 39.00 |
| 11 Pc. Set Pineapple Doilies | 10.00 |
| Maple Drop Leaf Table | 20.00 |
| Breakfast Set | 58.00 |
| 2 Ash Trays | 5.00 |
| 2 Linoleum Rugs | 20.00 |
| Oak Barrel | 5.00 |
| Canned Fruit | 50.00 |
| Screen Door | 6.00. |

C. Cost of repair or restoration of salvable personal property, including labor and trucking, in an amount of $312.00, composed of the following articles and values:

| | |
|---|---|
| Deep Freeze repair | $50.00 |
| Refrigerator repair | 20.00 |
| Electric Sweeper repair | 20.00 |
| Electric Toaster repair | 2.00 |
| Porch Glider repair | 20.00 |
| Miscellaneous (transportation, trucking, labor and cleaning bills) | 200.00. |

## Discussion

■ The facts are set forth in the preceding findings. The law of Pennsylvania is that "The driver of vehicle entering a through highway or stop intersection, * * * shall yield the right of way to all vehicles approaching in either direction on such through highway." 75 P.S.Pa. § 573 (c). With the slippery road conditions then existing, a heavy tractor-trailer approaching from his left at an excessive speed on the main highway in plain view and only 350 to 400 feet away, it was clearly negligence to drive onto such highway. He must have known that with the wide arc required in driving a bus of this nature onto the main highway, and with the upgrade of the side road from which he was entering the highway, he could not get onto such main highway, back onto the right side thereof, and proceed at a proper speed within the allotted time. As to Mitcheltree, driver of the tractor-trailer, the jury properly found that there was concurring negligence since he was driving in excess of the legal speed limit, on a slippery road, at a point where he was about to pass a main intersection in the Village, and the Post Office bus being at the time in plain view entering such main highway from the side road about 350–400 feet distant and having been in plain view proceeding to the point of entrance for some time prior thereto.

■ As to the damages sustained, the law of Pennsylvania with reference to tort actions does not apply the "market value" measure of damages to injuries, either total or remediable, to buildings and property other than realty. The measure of damages applicable to a case of this kind is the cost of repairing the damages and thus restoring the property to its former condition unless such cost would equal or exceed the actual value of the property, in which case the actual value of the property immediately prior to the injury would be the measure of the plaintiffs' damages. Where there is a total destruction, the measure of damages "would be the actual value" of the property itself, "taking into consideration its age, condition, and any other circumstances affecting it, and less anything salvaged from it."[2]

■ Since Mitcheltree, whose liability is primary, is the agent of the other third-party defendants, the right of contribution of the United States of America, which is governed by the law of Pennsylvania,[3] is for one-half of the judgment.[4]

## Conclusions of Law

1. Jurisdiction of the main action is vested in this Court by virtue of the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq.

■ 2. The third-party defendants were properly made parties to the action.

3. The negligence of Joseph Shank, the driver of the vehicle owned by the United States of America, was a proximate cause of the accident and damage.

2. Jones v. Monroe Electric Co., 350 Pa. 539, 544, 39 A.2d 569, 571; Durante v. Alba, 266 Pa. 444, 448, 109 A. 796, 9 A. L.R. 485; American Jurisprudence, Vol. 15, page 524.

3. United States v. Yellow Cab Co., supra.

4. 12 P.S.Pa. § 2082 et seq.; Parker, to use of Bunting v. Rodgers, 125 Pa.Super. 48, 189 A. 693; Fisher v. Diehl, 156 Pa. Super. 476, 40 A.2d 912.

4. The negligence of Theodore L. Mitcheltree, the driver of the tractor-trailer as agent for Cyril A. Pitoniak, the owner of the tractor, and for Mushroom Transportation Company, Inc., the owner of the trailer, was a contributing proximate cause of the accident and damage.

5. The plaintiffs, Elwood E. Russell and Faylene S. Russell, are entitled to judgment against the United States of America in the sum of $1,073.00.

6. The defendant, United States of America, is entitled to judgment against Theodore L. Mitcheltree, Cyril A. Pitoniak and the Mushroom Transportation Company, Inc., on its claim by reason of contributing and concurring negligence of the said third-party defendants.

7. The defendant, United States of America, is entitled to contribution from Theodore L. Mitcheltree, Cyril A. Pitoniak and the Mushroom Transportation Company, Inc., for one-half of the damage allotted to the plaintiffs in this case, to wit, $536.50.

Let order be submitted accordingly.