HOWARD O. NEWMAN, RESPONDENT, v. HENRY PASTER-
NACK, APPELLANT.

Submitted October 29, 1926—Decided January 31, 1927.

1. P., owner of lands adjoining lands of N., gave notice to N. that,
   under the building code of Hackensack, he proposed to excavate
   on his property to a depth of eight feet for the foundation of a
   new building.  P.'s plans showed an intended excavation to a
   greater depth and an excavation of nine feet was actually made—
   *Held*, (1) that the notice given by P. was improper and ineffective
   as a bar to a suit by N. for damages to his building, and (2)
   that the fact that the excavation was made by an independent
   contractor of P. did not relieve P. from liability as P. was under
   an absolute liability to give to N. a notice which would correctly
   inform N. of the depth of the proposed excavation.
2. In an action of negligence for damaging plaintiff's building by
   an excavation made by the adjoining landowner the measure of
   damages is the diminution in the value of the property, but the
   cost of restoring the property may be shown and considered by
   the jury in arriving at its verdict.

On appeal from the Bergen County Circuit Court.

For the appellant, *Ward & McGinnis* and *Frederick S.
Ranzenhofer.*

For the respondent, *Wright, Vander Burgh & McCarthy.*

The opinion of the court was delivered by

KATZENBACH, J.  The respondent (the plaintiff below and
hereinafter referred to as the plaintiff) is the owner of a
tract of land on the easterly side of Main street, in the city
of Hackensack, upon which, in the year 1910, he erected a
building.  One Jacobs owned the building adjoining the
plaintiff's property on the north.  The property adjoining
the plaintiff's on the south was owned by Henry Pasternack,
the appellant and defendant below (hereinafter referred to
as the defendant).  The southerly wall of the plaintiff's build-

ing was one-half of an inch from the northerly wall of the defendant's building. Jacobs erected a new building upon his land in 1924. In the latter part of the year 1924 the defendant decided to erect a new building upon the tract he owned. About December 18th, 1924, the plaintiff went to Florida where he remained until the month of April, 1925. The defendant, on February 20th, 1925, entered into a contract for the erection of his proposed building. The building code of the city of Hackensack, which was in the form of an ordinance, provided that where an excavation no deeper than eight feet below the curb line was to be made the owner of the land to be excavated might give a notice in writing of the intended excavation to the adjoining landowner; the adjoining landowner would then be required to protect and care for the foundation walls of his building. In case the adjoining owner neglected or refused for ten days after receipt of the notice to take steps to secure and protect the foundation of his building, the party giving the notice, or his agent, contractor, or employe, might enter upon the adjoining property and do such work as was necessary to make the foundation of the building secure and collect the cost thereof from the owner. Under date of February 25th, 1925, the defendant signed a notice addressed to the plaintiff and mailed it to his address in Hackensack. It was forwarded to the Florida address of the plaintiff and was received by him on March 5th, 1925. The plaintiff did nothing after receipt of the notice to protect the foundation of his building. This left the defendant free to follow the provisions of the building code hereinbefore referred to.

The work of excavation upon the defendant's property commenced on March 27th, 1925. A steam shovel was employed. After working half a day the building inspector of Hackensack visited the operation and discovered that the excavation had extended to a depth of nine feet below the curb level. This was eighteen inches below the bottom of the foundation wall of the plaintiff's building. The building inspector observed that a slight crack in the southerly wall of the plaintiff's building had opened three-quarters of an inch. At the southeast corner there were cracks in the east wall.

The second floor of the building had broken away from the wall at the southeast corner. The floor sloped. The window sills were out of plumb. The paper on the ceiling and side walls had broken away from the walls. Windows and doors which previously had worked smoothly had become jambed. The plans of the defendant's building when inspected showed an excavation of eight feet, one and three-quarter inches below the curb level. The depth of the cellar had also been changed during the excavation.

To recover for the damage to his building the plaintiff commenced an action at law in the Bergen County Circuit Court against the defendant. The complaint contained three counts—*first,* trespass by the defendant; *second,* trespass by the defendant through his servants and agents, and *third,* negligence in omitting to protect the plaintiff's building. The defendant entered a general denial. The action was tried at the Bergen Circuit and resulted in a verdict of $2,500 for the plaintiff, upon which judgment was entered. From this judgment the defendant has appealed to this court. The grounds of appeal are thirty-one in number. All the grounds of appeal present but a few questions for decision, namely—*first,* the defendant's contention that he was not liable for damages because he gave notice to the plaintiff in accordance with the building code; *second,* that the damage, if any, was done by an independent contractor; *third,* that the court erred in charging the jury as to the measure of damages, and *fourth,* that the trial judge erred in the admission and rejection of testimony upon certain phases of the case. These questions will be taken up for decision in the order mentioned.

The only notice which the defendant gave the plaintiff was the one hereinbefore mentioned. This was given in accordance with the provision of the Hackensack building code. It was only efficacious if the proposed excavation was not to be of a greater depth than eight feet from the curb level. The plans showed an excavation below the curb level of eight feet and one and three-quarters inches. The actual excavation was nine feet. Under such circumstances the relations between the parties and the duty of the defendant was different· than that prescribed by the ordinance. The

respective rights of the parties under the conditions which existed were not governed by the building code of Hackensack but by section 1 of the act respecting party and partition walls (*Comp. Stat., p.* 3926), which provides as follows:

"That whenever excavations hereafter commenced, for building or other purposes, on any lot or piece of land, shall be intended to be carried to the depth of more than eight feet below the curb or grade of the street, and there shall be any party or other wall, wholly or partly on adjoining land, and standing upon or near the boundary lines of such lot, the person causing such excavations to be made, if afforded the necessary license to enter on the adjoining land, and not otherwise, shall at all times, from the commencement until the completion of such excavations, at his own expense, preserve such wall from injury, and so support the same by a proper foundation that it shall remain as stable as before such excavations were commenced."

The law in this state is that the landowner intending to excavate on his own land must give the adjoining landowner notice to this effect. *Schultz* v. *Byers,* 53 *N. J. L.* 442. The defendant by giving a false notice which would require the defendant, if necessary, to enter upon the plaintiff's lands and protect the plaintiff's foundation at the cost of the plaintiff, cannot take the position that because he was given no license by the plaintiff to enter upon the plaintiff's lands he is not liable for the damage done to the building of the plaintiff by an excavation unlawful under the notice given. Such a contention could only be successfully advanced where the notice given correctly informed the adjoining landowner of the character of the excavation which the one giving the notice proposed to make. Had the proper notice and not a false or misleading notice been given in the present case, the plaintiff would undoubtedly have given the defendant the necessary license to enter upon his land to protect the foundation of his building. The failure to give the proper notice is the basis of the plaintiff's action. The defendant would have had to give a proper notice and the plaintiff would have had to fail to give to the defendant a license to enter upon his

lands before the position now assumed by the defendant would be tenable.

The appellant next asks for a reversal of the judgment on the ground that the work of excavation from which the plaintiff's claim arose was done by an independent contractor. It is argued that this relieves the defendant from liability and that, if anyone is liable to the plaintiff, it is the contractor who did the excavation for the defendant's building. This argument entirely misconceives the basis upon which the present action rests and upon which it is predicated. The negligence on which the plaintiff relies is the adoption by the defendant of a plan for his building which called for a certain depth of excavation and the failure of the defendant to give the notice which the depth of the excavation shown on the plans required. If the independent contractor had made the excavation in the most approved manner and without negligence on his part, the defendant would still have been liable to the plaintiff for the damages resulting from the excavation because of his failure to give the notice which was required by the plan adopted. This duty was an absolute one. It could not be delegated. The employment of an independent contractor afforded the defendant no avenue of escape for his failure to give the proper notice to the plaintiff. The trial court made no error in its refusal to direct on this ground a verdict for the defendant.

The defendant-appellant claims that the trial court erred in stating the rule with respect to damages. The error asserted is that the measure of damages is not the cost of restoring the building to its former state, but it is the diminution in value of the plaintiff's property by reason of the acts of the defendant. An examination of the charge shows that this is what the trial judge charged. He used these words:

"The rule of damage to which the plaintiff would be entitled is the amount to be determined as the diminution in the value of the plaintiff's property proximately caused by the defendant's trespass or negligence; and you may, in determining that, consider the reasonable cost of repairs neces-

sary by reason of the defendant's trespass or negligence, and which were approximately caused by it."

This statement of the law on this subject is supported by the cases of *Manda* v. *Orange, 77 N. J. L.* 285, and *Bates* v. *Warrick, Ibid.* 387.

The remaining grounds of appeal upon which a reversal of the judgment is sought deal with questions relating to the admission and rejection of evidence.

It appears that Jacobs, the owner of the property north of the plaintiff's property, who had recently erected a new building upon his property, had to some extent damaged the plaintiff's property. Jacobs and the plaintiff had effected a settlement. The defendant's counsel, when the plaintiff testified, sought to interrogate on cross-examination the plaintiff regarding his claim against Jacobs and the fact that it had been settled. These questions were objected to and were overruled by the trial court. In the form in which the questions were asked they were irrelevant and immaterial. It made no difference to the present case what controversy the plaintiff and Jacobs had or how it was settled, as long as the plaintiff was making no claim against the defendant for damages to his building for which Jacobs might be responsible. There is nothing in the record from which it can even be inferred that the plaintiff was seeking to hold the defendant for any damage for which Jacobs might have been liable.

The only other offer of testimony excluded by the court which is argued for the defendant is that which relates to conversations between the defendant's contractor and one William Newman, a brother of the plaintiff. This testimony was incompetent. There was no testimony which showed that William Newman had authority to bind his brother, the plaintiff, by any statement which he might have made. Under such circumstances what conversation was had between the contractor and William Newman was immaterial. The questions were properly overruled.

This completes the considerations of the points urged by the defendant for reversal. We have found no error in the trial of the case. The judgment below is accordingly affirmed.

*For affirmance*—The Chancellor, Chief Justice, Trenchard, Minturn, Kalisch, Black, Katzenbach, Campbell, Lloyd, Van Buskirk, McGlennon, Kays, Hetfield, Dear, JJ. 14.

*For reversal*—None.