## GOODACRE v. SHULMIER.

### No. 6191.

United States Court of Appeals for the District of Columbia.

Argued Oct. 4, 1934.

Decided Nov. 5, 1934.

Joseph A. Rafferty and William J. Burrows, both of Washington, D. C., for appellant.

Leonard J. Ganse, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a judgment for the plaintiff in the Supreme Court of the District in an action for false arrest and imprisonment.

More than one year after the date of the false arrest and imprisonment charged in the single count of the original declaration, plaintiff, with leave of court, filed an amended declaration in two counts; the first count being substantially like the count in the original declaration; the second count being like the first, except that it alleged that defendant acted maliciously.

At the close of all the evidence, defendant moved the court to direct a verdict in his favor on the second count of the amended declaration, on the ground that it stated a separate and distinct action from that stated in the original declaration, and that the second count was not filed until more than one year from the time the right of action accrued. The motion was overruled, and a general verdict was rendered by the jury in the sum of $500.

In Neubeck v. Lynch, 37 App. D. C. 576, 37 L. R. A. (N. S.) 813, this court observed that "in the establishment of the Federal courts a most liberal rule of pleading was enjoined by statute," and that "it should not be the policy of the courts to defeat justice by indulging in mere technicalities and finespun theories of pleading." The court further said: "Where an amendment does not operate totally to confer jurisdiction, or to change the cause of action or shift the right of action, but merely supplies an additional element essential to a proper statement of a cause of action defectively stated, or an additional jurisdictional averment essential to clothe the court with complete power to conduct the suit to a legal conclusion, it should be allowed."

The action in that case was brought under the District Code to recover damages for negligence causing death. The original declaration did not allege, as was essential, that the decedent left surviving dependent next of kin. More than one year after the date of decedent's death, within which time the statutory action must have been instituted, the declaration was amended by alleging the necessary facts which had been omitted. The defendant sought by plea to interpose the bar of the statute of limitations, but this court sustained the right of the plaintiff thus to amend, saying: "The averment is essential, together with other allegations of the petition, to state a proper cause of action. Its omission merely results in stating a defective cause of action, which may be cured by an amendment, which will relate back in point of time to the filing of the original petition." To the same effect are: Howard v. Ry. Co., 11 App. D. C. 300; Steven v. Saunders, 34 App. D. C. 331; and Washington Ry. & Elect. Co. v. Scala, 45 App. D. C. 484.

In the present case the challenged count does not change the cause of action stated in the first count, but merely adds an element of damage. It relates to the identical false arrest and imprisonment alleged in the original declaration and in the first count of the amended declaration, and was properly allowed.

Judgment affirmed, with costs.

Affirmed.