## S. H. KRESS & CO., Inc., v. REAVES.
### No. 4033.

Circuit Court of Appeals, Fourth Circuit.
Oct. 6, 1936.

Thomas C. Hoyle, of Greensboro, N. C., and William M. Hendren, of Winston-Salem, N. C. (Thomas C. Hoyle, Jr., of Greensboro, N. C., and K. R. Hoyle, of Sanford, N. C., on the brief), for appellant.

C. R. Wharton and Julius C. Smith, both of Greensboro, N. C. (D. E. Hudgins and Smith, Wharton & Hudgins, all of Greensboro, N. C., on the brief), for appellee.

Before NORTHCOTT and SOPER, Circuit Judges, and CHESNUT, District Judge.

NORTHCOTT, Circuit Judge.

This is an action at law brought by the appellee, a citizen of the state of North Carolina, herein referred to as the plaintiff, against the appellant, a Colorado corporation, and G. A. Miller Company, Incorporated, a Florida corporation, in the superior court of Guilford county, North Carolina, in August, 1932. The cause was removed to the District Court of the United States for the Middle District of North Carolina, in September, 1932.

The action was brought to recover damages for an injury to buildings owned by the plaintiff in Greensboro, N. C., alleged to have been caused by the defendants in excavating the land adjoining plaintiff's property for the purpose of erecting a building thereon by the appellant; the Miller Company being the contractor for said building.

The defendants answered the complaint, and on January 2, 1935, over the objection of the defendants, the plaintiff was allowed to file an amended complaint to which amended complaint answers were also filed. A trial by jury was had in December, 1935, at Greensboro. A verdict was returned finding for the defendant, G. A. Miller Company, Inc., and finding against the defendant S. H. Kress & Co., Inc., in the sum of $20,000. Upon this verdict a judgment was entered against the appellant, from which action this appeal was brought.

■ The first question to be considered is the contention that the trial judge erred in permitting the plaintiff to amend the complaint. The amendments incorporated in the complaint charged that the work of excavating was done without ascertaining in advance the nature and character of the earth to be excavated and that proper and timely notice was not given the plaintiff of the excavation to be made. It is the position of the appellant on this point that under the original complaint the action was for damages for willful trespass, and that the amendments substituted an entirely new cause of action, and that this new cause of action was barred by the statute of limitations.

We do not think the position of appellant on this point can be maintained. Had the amendments stated a new cause, the statute of limitations would have barred it; but here the amendments stated no new cause of action, but merely amplified the charges in the original complaint which stated all the essential facts constituting plaintiff's case, setting out the excavation, the loss of support to plaintiff's buildings, and the resulting damage.

An able discussion of this question by Sanborn, C. J., will be found in Manhattan Oil Co. v. Mosby (C.C.A.) 72 F.(2d) 840, 844, where he quotes with approval from Whalen v. Gordon (C.C.A.) 95 F. 305, as follows: "An amendment to a petition which sets up no new cause of action or claim, and makes no new demand, but simply varies or expands the allegations in support of the cause of action already propounded, relates back to the commencement of the action, and the running of the statute against the claim so pleaded is arrested at that point."

This is also the holding in a number of cases. Berube v. Horton, 199 Mass. 421, 85 N.E. 474; Baltimore Steamship Co. et al. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069; Alabama Consolidated Coal & Iron Co. v. Heald, 154 Ala. 580,

45 So. 686; Goodacre v. Shulmier, 64 App. D.C. 10, 73 F.(2d) 519; United States v. Memphis Cotton Oil Co., 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619.

Cases relied upon by the appellant on this point are those in which the facts are different from the facts here and are not controlling.

It is also contended by appellant that the original cause of action and that made by the amended complaint were inconsistent and the plaintiff should have been required to elect between them, as was moved by the appellant; but, as we have said, the amended complaint set up no new or different cause of action.

The plans for the erection of the building on the lot adjoining the property of the plaintiff contemplated a building three stories high with a basement twenty feet in depth below the level of the ten-foot alley next to plaintiff's property. When the excavation reached the depth of twelve feet, next to the alley, soft soil or mud was found. This soil began to run or move out from under the alley and the plaintiff's property and in spite of all the precautions the contractor could take and all the work he did in the way of underpinning the buildings, plaintiff's buildings settled and the damage resulted.

One contemplating a project of this character owes the duty to an adjoining property owner of exercising at least ordinary care to ascertain the conditions under which the work would progress, and this includes some reasonable investigation as to the character of the soil to be encountered in making the proposed excavation. Failure to make such an investigation amounts to negligence and renders the one negligent in this respect liable for resulting damages. Bissell et al. v. Ford, 176 Mich. 64, 141 N.W. 860. See, also, Davis v. Summerfield, 133 N.C. 325, 45 S.E. 654, 63 L.R.A. 492.

The evidence is conclusive that neither the appellant nor the contractor made anything like adequate soil tests in order to ascertain the effect of the proposed excavation upon the adjoining property.

The excavation was begun about the middle or latter part of August, 1929, and the ten-foot alley next to the plaintiff's property was reached and the soft soil discovered about August 28. On August 28 or 29, 1929, in an envelope postmarked August 28, 1929, the plaintiff received the following undated notice:

"To—
"Dr. W. P. Reaves,
"Greensboro, N. C.

"Please take notice that the undersigned, owner of the premises fronting 60 feet on the west side of South Elm St. between West Sycamore and West Washington Streets, in the City of Greensboro, N. C., running back westwardly between parallel lines 168 feet, formerly known as Nos. 208, 210, and 212 South Elm Street, and adjoining your premises on the west side thereof, known as Reaves Infirmary, is intending to erect a three-story building and basement on said premises, in connection with which it will be necessary and it is so intended to excavate said premises to a depth of 15 feet below the present level of South Elm Street, and you are hereby notified to take necessary measures to protect your property. Said excavation is to be commenced about the 1st day of September, 1929.

"S. H. Kress & Company,
"By Hoyle & Harrison,
"Attorneys.
"By Roger W. Harrison."

It was not until the excavation had progressed so far as to show the character of the soil encountered that any notice was given the plaintiff by either the appellant or the contractor. It was then too late for plaintiff to take the necessary steps to protect his property if, indeed, it could have been done at all unless the precautionary work had been done before the excavation, next to the plaintiff's buildings, had progressed to any great extent.

The duty to give notice under these circumstances is imperative, and that this duty rested upon the appellant was recognized when the belated notice was given in its name. There is a serious question as to whether the notice, even if given in time, was sufficient. It is lacking in details that should have been incorporated in it. It is not dated and does not definitely state the depth of the proposed excavation along the line of the plaintiff's property, the depth given in the notice being at a point some distance from plaintiff's property line at which the excavation was twenty feet in depth. However that may be, the notice was not given in time. It came too late.

The failure to give a timely and sufficient notice, under conditions here existing, constitutes actionable negligence.

"It is quite generally conceded that the owner of land who intends to make an excavation thereon should, in the exercise of due care, notify the adjoining landowner of the intended improvement, so that he may take the necessary precautions to protect the buildings on his land. The obligation to give the notice, like that to see that the excavation is made with due care, seems to rest upon the recognized proposition that a party in possession of fixed property must take care that it is so used and managed that other persons shall not be injured, whether it is managed by his own servants or contractors or their servants. The failure to give notice is evidence of negligence, and may be sufficient to justify a finding that the excavator did not use reasonable care in respect of the excavation.

"A notice that an excavation is to be made on an adjoining lot, to be sufficient, must inform the person to whom it is given of the nature and extent of the excavation, so that he may, after the excavator has done all that is reasonably prudent for the safety of the building, take the necessary precautions to protect his property absolutely." American Jurisprudence, vol. 1, p. 523.

There are many decisions to the same effect. Smith v. Howard, 201 Ky. 249, 256 S.W. 402; Spoo v. Garvin, 236 Ky. 113, 32 S.W.(2d) 715; Davis v. Summerfield, 131 N.C. 352, 42 S.E. 818, 63 L.R.A. 492, 92 Am.St.Rep. 781; Davis v. Summerfield, supra, 133 N.C. 325, 45 S.E. 654, 63 L.R.A. 492; Walker v. Strosnider, 67 W.Va. 39, 67 S.E. 1087, 21 Ann.Cas. 1. See, also, Wigglesworth v. Brodsky, 7 Boyce (30 Del.) 586, 110 A. 46; Flanagan Bros. Mfg. Co. v. Levine, 142 Mo.App. 242, 125 S.W. 1172.

It is contended on behalf of the appellant that the negligence, if any, was the negligence of the G. A. Miller Company, the contractor, and that that company, being an independent contractor, and not the appellant, should be liable for any damage that resulted to the plaintiff's property. We do not think this contention can be sustained. The performance of the duties of ascertaining in advance the character of the soil to be excavated and of giving a proper notice of the nature and extent of the excavation, to the adjoining property owner, rested in the first instance on the appellant and were absolute and nondelegable duties from which the appellant could not be relieved by any contract with a third party, and the verdict exonerating the contractor and holding the appellant liable was not inconsistent. Nichols v. Champion Fibre Co. et al., 190 N.C. 1, 128 S.E. 471; Wade v. McLean Contracting Company, 149 N.C. 177, 62 S.E. 919; Wills v. Montfair Gas Coal Co., 104 W.Va. 12, 138 S.E. 749; McLaughlin v. Chief Consol. Mining Co., 62 Utah, 532, 220 P. 726; Berry v. Daniels (Minn.) 263 N.W. 115; Waltemath v. Western States Realty Co., 9 Cal.App.(2d) 583, 50 P.(2d) 451; Newman v. Pasternack, 103 N.J.Law, 434, 135 A. 877, 50 A. L.R. 482 and annotation.

The assignments of error with respect to the admission of testimony are not of sufficient importance to necessitate discussion, and no grounds for such objection were specified during the course of the trial.

The charge of the court as to the measure of damages was, in our opinion, a proper one. Newman v. Pasternack, supra. The fact that the jury found for the codefendant of the appellant the G. A. Miller, Inc., and against the appellant, was, in our opinion, not an inconsistent finding, and again no exception was taken as to this point at the time of the trial.

There was no reversible error in the trial of the case, and there was sufficient evidence to justify the verdict of the jury.

The judgment of the court below is accordingly affirmed.