### LUSTINE et al. v. WILLIAMS.
### No. 855.

Municipal Court of Appeals for the District of Columbia.

Submitted Oct. 5, 1949.

Decided Oct. 20, 1949.

Herman Miller, Washington, D. C., for appellants.

Andrew W. Carroll, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

The principal question on this appeal concerns the applicability of the statute of limitations to an amended complaint by which additional defendants were brought into the case.

Appellee, as plaintiff below, sued appellant Lustine on June 19, 1946, claiming double an overcharge in rent of $7.50 per month for the period from April 22, 1941, to February 22, 1946.[1] A motion to dismiss was denied. Continuances were had until August 7, 1946, when the case was sent to the files to permit the parties to negotiate a settlement of the claim. Plaintiff's subsequent motion for leave to file an amended complaint and to bring in additional defendants was granted. In such amended complaint, filed March 13, 1948, plaintiff claimed a $7.50 per month overcharge against Lustine from April 22, 1941, to August 1945, and also a $7.50 per month overcharge against added defendants Young and Oppenheimer, from August 22, 1945, to March 21, 1946. Personal service of the amended complaint was had on additional defendants Young and Oppenheimer. Defendants' answer to the amended complaint pleaded, among other defenses, the statute of limitations. Judgment for $795 plus $200 attorney's fee was entered against defendant Lustine; judgment for $105 plus $50 attorney's fee was entered against defendants Young and Oppenheimer. From these judgments all defendants have appealed.

On conflicting evidence, the trial court was entitled to find that the rent ceiling existing on January 1, 1941, the freeze date, was $17.50 per month and that the overcharges represented by the judgment had been made by the several defendants.

Appellants urge that the trial court erred in not holding that an alleged remodeling of the premises in 1940 constituted new housing accommodations as a matter of law and hence that the January 1, 1941, rent ceiling did not apply. The question whether such repairs or remodeling constitute new housing is ordinarily a question of fact.[2] However, appellants concede in their brief, and the evidence so showed, that all this work was completed in 1940, and it follows, since the January 1, 1941, rent was for such remodeled premises, that no new housing accommodations were created after that date. Thus the finding of the trial court to that effect was amply supported by the evidence. It was stipulated that the Rent Administrator never changed the applicable rent ceiling.

Appellants' principal contentions center around the question of the amended complaint. Error is claimed, first, because the trial court permitted new defendants to be added over 18 months after the original complaint had been filed.[3] Municipal Court rule 15(a) permits an amendment as a matter of course at any time before a responsive pleading is served. Defendant had not answered, but had filed

---

1. Code 1940, Supp. VI, 45—1610(a).
2. Delsnider v. Gould, 81 U.S.App.D.C. 54, 154 F.2d 844.

3. The record indicates clearly that the delay was at the request of appellant Lustine.

a motion to dismiss which is not a responsive pleading within meaning of rule 15(a), patterned after Federal Rules Civil Procedure, rule 15(a), 28 U.S.C.A.[4] Municipal Court rule 21 provides that parties may be added by order of the court on motion of any party at any stage of the action and on such terms as are just. In fact the original claim against Lustine was reduced by just so much as was asserted against the new defendants by the amended complaint. No prejudice has been shown in the consolidation of the two claims.

■ Appellants next claim error in that appellee's claims against all defendants were not so intermingled as to require only one complaint. But Municipal Court rule 20(a) permits joinder of defendants if any question of law or fact common to all of them will arise in the action. It is obvious that appellee's claims arose out of the rental of the same accommodations and recovery against any or all required proof of the legal ceiling for the premises and proof of overcharge. No prejudice has been shown in this connection.

■ Appellants also claim the amended complaint stated a new cause of action, and thus should not have been allowed, nor should it have been held to relate back to time of original complaint as to tolling of the statute of limitations. Rule 15(c) of the Municipal Court provides: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."[5] As we have held previously, an amendment which merely explains, amplifies or elaborates, or gives greater precision to, the allegations of the cause of action originally presented, is not the statement of a new cause of ac-

tion. The test is whether the cause of action remains the same in substance, notwithstanding differences of specification. Substitution of correct date does not operate to change the cause of action.[6] We must conclude that the amendment in the present case merely made the specification of overcharge more precise as to defendant Lustine, and the cause of action was not changed in substance. Thus as to him no new cause of action was stated and the amendment must be held to relate back to the date of the original complaint. A new cause of action was stated against defendants Young and Oppenheimer, and the period of limitation as to them must operate from the date of filing the amended complaint.[7]

■ The rule is settled in this jurisdiction that a suit under the District of Columbia Emergency Rent Act for the recovery of rent overcharges[8] is governed by the general three-year limitation contained in Code 1940, 12—201, as an "action the limitation of which is not otherwise specially prescribed."[9]

■ Thus, as to Lustine, the period for which an overcharge could be claimed must be only for the three years preceding June 19, 1946, the date of the original complaint. However, the amended complaint alleged and the judgment was based upon a $7.50 per month overcharge for the period from April 22, 1941, to August, 1945, the date when the other defendants began collecting the rent, or a total of 53 months. It was error to include overcharges occurring before June 19, 1943. The judgment against Lustine, therefore, must be reduced to this extent. Starting with June 22, 1943 (the first full month within the three-year period) and continuing until August 21, 1945 (the end of the last month for which rent was collected by Lustine) is a period

4. United States v. Newbury Mfg. Co., 1 Cir., 123 F.2d 453.

5. See also Beasley v. Baltimore & P. R. Co., 27 App.D.C. 595, 6 L.R.A.,N.S., 1048; Goodacre v. Shulmier, 64 App.D.C. 10, 73 F.2d 519.

6. Cockrell v. First Federal Savings & Loan Ass'n, D.C.Mun.App., 33 A.2d 621. See also Neubeck v. Lynch, 37 App.D.C. 576,

37 L.R.A.,N.S., 813; Steven v. Saunders, 34 App.D.C. 321.

7. Municipal Court rule 3.

8. Code 1940, Supp. VI, 45—1610(a).

9. Heitmuller v. Berkow, 83 U.S.App.D.C. 70, 165 F.2d 961, 962; Shenk v. Cohen, D.C.Mun.App., 51 A.2d 298.

903

of 26 months. The total overcharge as to Lustine is thus $195 (26 x $7.50), and that amount doubled is $390. We direct that the judgment below against Lustine be thus modified, and as so modified we affirm, subject to such modification, if any, in the amount allowed as attorney's fee as the trial court shall make.

The seven months during which the overcharge was collected by Young and Oppenheimer are all within the three years prior to the date of the amended complaint. No error is found in this judgment, and it is affirmed.