## W. A. MANDA, INCORPORATED, v. CITY OF ORANGE AND LUDWIG BATT.

Argued November 10, 1908—Decided February 23, 1909.

In an action for trespass to land the general rule is that the measure
of damages is the diminution in the value of the property, but it
is permissible to prove the cost of restoring the property to its
former condition, and where the only evidence as to damages is
the cost of restoration, the court may properly adopt that as the
measure in the case in hand, limiting the damages to a case where
the landowner has used only reasonable means of restoration.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE
and TRENCHARD.

For the plaintiff, *Vredenburgh, Wall & Carey.*

For the defendants, *William A. Lord.*

The opinion of the court was delivered by

SWAYZE, J. This was an action of trespass. The defend-
ants, acting as they supposed by virtue of proceedings in con-
demnation, entered upon the land of the plaintiff and laid a
water pipe. We subsequently held that the proceedings in
condemnation were improper. The defendants, therefore,
acted without justification. This suit was thereupon brought
to recover damages for the trespass. It is now before us on a
rule to show cause in which the exceptions of the defendants
were reserved. The controversy is as to the right of the
plaintiff to recover the cost of digging up the pipe and restor-
ing the roadway in which it had been laid, to its former con-
dition. No objection was made at the trial to the introduc-
tion of evidence of this cost, and in view of the reservation
of the exceptions, the only question open to us is whether the
damages were excessive, but this necessarily involves the ques-

tion whether the rule adopted by the trial judge was proper. That rule was stated in an admirably clear charge, as follows:

"The damages done to the real estate, as counsel has stated, is, generally, the difference between the value of the property immediately prior to the trespass, and its value after the trespass has been committed.   *   *   *   I do not take it that in every case where a man has done damage to property you have a right to go and undo everything he has done.   It seems to me there must be a limitation to that and I so charge you."

After illustrating his position, he referred particularly to the pipe line and in effect told the jury that if the pipe was five hundred feet below the surface of the ground they would not say it was any injury to the property, while if it was only a foot or so below the surface, every one would say that it was an injury.   He then left it to them to say whether the existence of the pipe eight feet under the ground was a detriment to the property, and added:

"If it was, this property owner had the right to use reasonable means to remove it, and the reasonable cost of removing it would be the measure of damage on account of the presence of that pipe line."

We think that in this case the jury could not have been led to give excessive damages by reason of this charge.   In substance, they were told that the measure of damage was the diminution in value of the property, but that if it was reasonable to remove the pipe line, the damage would be the cost of removal.   Whether or not the diminution in value is in every case to be regarded as the measure of damages is a question which we need not now decide.   It has been held to be the proper measure in *McGuire* v. *Grant,* 1 *Dutcher* 356, which subsequently had the approval of this court in *Freeman* v. *Sayre,* 19 *Vroom* 37 (at *p.* 42).   But even in jurisdictions where this rule prevails, as in New York, it is held that evidence of the cost of restoring land to its former condition is also admissible, and this for the very obvious reason that if the land could be restored for less, the landowner ought to restore it, and not attempt to hold the tort feasor for the full diminution in value.   The defendants were, therefore, quite

right in not objecting to the introduction of evidence as to the cost of restoration. No evidence was introduced on either side as to the diminution in value. It was, therefore, necessary for the court to adopt in its charge to the jury as the measure of damages the only basis as to which there was testimony. The defendants now urge that it was incumbent upon the plaintiff to introduce evidence as to the diminution of value, so that the jury might be allowed to decide which amount was the less. In this we think the defendants are in error. The plaintiff substantially took the position that the least expensive way of compensating for the injury that had been done was to restore the property to its former condition. If the defendants disputed that, they had the right to introduce evidence and show that the diminution in value was less than this cost. The precise question has been passed upon by the Court of Appeals in New York. *Hartshorn* v. *Chaddock,* 135 *N. Y.* 116. In that case the court said:

"The defendant's exception was aimed at the question of the admissibility of the evidence, and on that point the appeal must stand or fall. He did not raise the question that the testimony, though admissible, was not complete or sufficient to warrant the assessment of damages by the referee. The defendant could have proved the diminution in value of the lot either on cross-examination of the plaintiff's witnesses, or upon his defence; but as he omitted to do this, or to raise any question except the admissibility of the testimony, he must be deemed to have waived the necessity of further and more complete proof on the part of the plaintiff. When, as in this case, damages are to be assessed upon one of two methods, according to circumstances, and the plaintiff's proof is by one of these methods only, and the defendant fails to supply the other mode of proof, which may be more favorable to him, or to raise any question as to the failure of the plaintiff to supply it at the trial, an appellate court ought not to reverse the judgment, especially in a case like this, where there is nothing to show, and no claim even made, that the other theory of damages would be more favorable to the defendant."

The trial judge in this case was quite right in limiting the right to recover the cost of restoration to a case where the owner had used only reasonable means of restoration.   There was evidence in this case from which a jury might infer that the existence of the pipe line would prevent the drainage of the plaintiff's land, which was used as a nursery for shrubs and plants, so that the question of drainage was no doubt a very important one.

We think the damages were warranted by the evidence under an application of the proper rule of damages, and the rule to show cause should therefore be discharged.