MARTHA E. BATES, APPELLEE, v. EMMA WARRICK, AP-
PELLANT.

Submitted November 3, 1908—Decided February 23, 1909.

In an action for damages to a building, if the injury is so slight that
it can be restored to its original condition at a less cost than the
amount of the depreciation in the value of the property would
be if no repairs were made, and where the repairs will not en-
hance the value of the property beyond that it possessed at the
time of the injury, the cost of restoring the house to the condi-
tion in which it was before the injury is the measure of the
damages.

On appeal from Atlantic City District Court.

Before Justices REED, BERGEN and MINTURN.

For the appellant, *Thompson & Cole.*

For the appellee, *Stone & Schwinghammer.*

The opinion of the court was delivered by

BERGEN, J.   The defendant, in making repairs to the side-
walk in front of her property, found it necessary to remove a
large tree standing thereon near the house of the plaintiff,
and employed a competent person to fell it.   There was a wire
running from the house of defendant to the tree, so attached
to each as to throw the falling tree against plaintiff's house,
causing the injuries for which this action was commenced.
Plaintiff recovered a judgment from which defendant appeals.
The workman was called as a witness by the plaintiff, and
after describing what he did, said that he "was as careful as a
man could possibly be."   The defendant insists that the
plaintiff is bound by this statement because made by a witness
called by her.   The statement is nothing more than a conclu-
sion drawn by the witness, and would have no weight if not
supported by the testimony.   There was testimony from
which a jury might infer that the work was not carefully done,

and the defendant does not deny that she had knowledge of the fact that the wire was fastened to her house and the tree, and as she knew the tree was to be cut down, it was her duty to have the wire removed, otherwise the tree could not fall away from the buildings, and its presence was likely to produce the result complained of.

The proofs in the case are sufficient to support the finding that the injury to plaintiff's property was the result of a negligent act of the defendant for which she is legally bound to indemnify the plaintiff.

The defendant also complains of the admission of testimony tending to show the cost of further repairs, the plaintiff not having completed the repairs required to put the building in the same condition in which it was at the time of the injury, because it did not appear that the plaintiff intended to make such further repairs.   There is nothing in this objection, nor does appellant undertake to support it by any authority.   The plaintiff would be entitled to the damage she suffered if she never made any repairs, for it is a question of damage, not of restoration.   The defendant also insists that the evidence of cost of repair should not have been admitted, because the true measure of damage is the depreciation in value resulting from the trespass.

We are of opinion that, in a case like this, where manifestly the injury to a building can be repaired without greater expense than the amount of depreciation in value would be if no repairs were made, the cost of restoring the house to the same condition it was in before the injury would be the measure of damages (*Hale Dam.* 359), but aside from this, the probable cost of repairs required to restore the building to its former condition was a proper element to be considered in ascertaining the diminution in value of the realty.   The injury in the present case was slight, and there is no pretence that the repairs enhanced the property beyond its value at the time of the injury, and it also appears that the building was not available without the repairs.   Under such conditions the cost of the repairs was some evidence of depreciation in value.

The judgment should be affirmed.