WINIFRED MURPHY v. MAYOR AND COUNCIL OF THE BOROUGH OF ATLANTIC HIGHLANDS.

Submitted December 5, 1908—Decided February 23, 1909.

1. When a public sewer becomes clogged, and private property thereby becomes flooded, it is the duty of the municipality, when notified of the situation, to take the necessary steps to remove the clog with reasonable promptness; and for the breach of such a duty an action will lie.

2. An inaccurate instruction as to the measure of damages, contained in the charge to the jury, if accepted as unobjectionable by the parties at the time of the trial, affords no ground for setting aside a verdict, on review.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the rule, *Durand, Ivins & Carton.*

Contra, *Samuel A. Patterson.*

PER CURIAM.

This was an action brought by the plaintiff to recover damages for the flooding of her cellar at Atlantic Highlands with sewage, the flooding being the result of a stoppage in one of the sewer pipes of the borough. The ground of liability set out in the declaration is that the borough negligently permitted the sewage pipe to become stopped. The evidence in the case does not support such a charge. The trial of the case, however, was conducted by counsel on both sides, as well as by the court, on the theory that the liability, if it existed, was due to the failure of the borough to remove the clog in the pipe within a reasonable time. This being so the variance between the *allegata* and *probata* should not be permitted to defeat the result of the trial. An amendment of the declaration will be allowed to make it conform to the proofs.

On the proofs submitted it was for the jury to say whether the borough acted with reasonable promptness in the removal of the stoppage in the sewer pipe after being notified by the plaintiff of the condition of affairs. The jury found this issue in favor of the plaintiff, and we cannot say that its verdict is against the preponderance of the evidence. Its neglect to perform this duty rendered the municipality liable for the loss sustained by the plaintiff by reason thereof. *Jersey City* v. *Kiernan,* 21 *Vroom* 246.

In charging the jury as to the measure of damages in case their verdict should be for the plaintiff, the court instructed them that she should be allowed for whatever damage was done her property by the discharge of sewage in her cellar, and whatever expense she was put to in order to clean out the cellar. This was probably wrong, for it is fair to conclude that a considerable quantity of the damage resulting from the escape of the sewage occurred before it would have been possible for the borough, in the exercise of reasonable promptness, to have removed the stoppage from the pipe, and it would seem that all the plaintiff should have recovered was the damage sustained by her after the period at which the borough could reasonably be held to have cleared the pipe. But no objection was made to the charge, nor did the defendants in any way indicate to the court that they considered the rule laid down inaccurate. They must be deemed by their silence to have accepted it as an accurate statement of the law of the case, and they cannot now take advantage of it for the purpose of obtaining a new trial.

The rule to show cause must be discharged.