JOSEPH IULIUCCI, PLAINTIFF-APPELLANT, v. A. J. RICE, TRADING AS RICE HARDWARE COMPANY, DEFENDANT-APPELLEE.

Submitted on briefs, October 30, 1942; argued orally at request of the court February 5, 1943—Decided May 13, 1943.

For the plaintiff-appellant, *Joseph Tomaselli* (*Samuel P. Orlando,* of counsel).

For the defendant-appellee, *Altman & Backer* (*Samuel Backer,* of counsel).

The opinion of the court was delivered by

WELLS, J. This is an appeal from a judgment of nonsuit entered in the Supreme Court by order of Judge Palmer, sitting in the Camden Circuit. The complaint alleges that plaintiff purchased from defendant a quantity of plant seed,

informing defendant that plaintiff desired "Improved Long Green Cucumber Seed" for planting on his South Jersey farm; that defendant sold plaintiff seed declaring and representing it to be "Improved Long Green Cucumber Seed" of good and excellent quality which would produce desirable and favorable results; and that relying on these representations, plaintiff engaged the services of others to assist him in preparing the soil, sowing the seed and cultivating the plants; that he purchased fertilizer and other farm materials and expended other divers moneys in keeping the soil and plants in proper condition, but that the seed turned out to be of inferior grade and quality and not of the description represented by defendant; that the representations made by defendant were false; that defendant knew or should have known that the seed was not as represented but was of inferior type, quality and not productive; that as a result of these false representations by defendant, plaintiff sustained the loss of his entire crop, loss of labor, services and profits; loss of time, moneys and materials in the preparation and cultivation of the soil for the planting of said seed and raising of said crop. Plaintiff demanded as damages the sum of $2,500.

At the conclusion of plaintiff's case there was testimony to the effect that defendant operated a hardware store at Hammonton, New Jersey; that he sold in April, 1940, an order of seed to plaintiff; that on his first visit he asked defendant for ten pounds of "Improved Long Green Cucumber Seed;" that defendant told him he didn't have any; that he would have to get it for him and would have it in three or four days. A week later plaintiff went to the store and in defendant's absence got the seed from his clerk and an order slip or bill on defendant's billhead for "10 lbs. Improved Long Green Cucumbers 90c $9.00." The seed was in a paper package on the back of which was marked "Improved Long Green Cucumber." Plaintiff sowed five acres of land with the seed. The plants came up and grew quickly with large leaves. Plaintiff's son, a farmer, who had grown cucumbers on his own farm for ten years, said that he had helped his father plant the seed and that he inspected the crop after

the seed had grown into plants and that the cucumbers were growing wild, and not like improved long green cucumbers grow, and, in his opinion, they were not improved long green cucumbers. He spoke to his father about it and his father called the county agricultural agent, Gould, to take some samples to the experimental station. The testimony shows that Gould was given three samples selected by plaintiff, two of which were about three to three and one-half inches long and the third about four inches long and these were mailed by Gould to Professor Charles H. Nissley, addressed to Extension Service, College of Agriculture, New Brunswick, New Jersey, for analysis.

While the professor's testimony was somewhat shaken under cross-examination, we incline to think that it, with the testimony of plaintiff's son, would have been sufficient to justify the jury in finding that the crop of cucumbers produced was not of the improved long green type. The professor also said, however, that the growth and yield of a crop depends very much on many factors and not alone on the seed: that among these factors are the method of planting, the knowledge, ability and work of the grower, particularly the preparation and structure of the land, the presence or absence of insect pests, the suitability of the soil, the previous rotation of crops and whether the fertilizer is proper, &c.

There was testimony indicating that there was a growth of a crop but the plaintiff said he harvested only about one-half bushel of cucumbers and if the plants had been productive of cucumbers for sale, it (*sic*) would have produced about 1,500 bushels and that the market value for that season ranged from $1 to $1.50 per bushel, and he figured his loss at $2,500 on that basis. There was no testimony to explain that the loss was not due to factors other than the quality, type or fertility of the seed.

In this posture of the case plaintiff rested and defendant moved for a nonsuit on four grounds, as follows: (1) that the suit was in fraud and there was no evidence of fraud; (2) there were no allegations in the complaint of a breach of warranty and the proofs did not show any warranty; (3) there was no proof that the bad crop, if it was a bad crop,

was caused by improper seed or that the loss of the crop was due to the seed sown; (4) there was no proper proof of damages, the testimony being too speculative and not showing that there would have been 1,500 bushels of cucumbers nor what it would have cost to prepare the soil for planting or the cost of harvesting and marketing the crop, &c.

In granting the motion for nonsuit the trial court, addressing the jury, said:

"A motion for a nonsuit has been made in this case based on several grounds, one of which deals with the character of the complaint, its allegations, and whether the proof has supported those allegations, but aside from that, I think there has not been sufficient testimony presented to you whereby you could reach a correct answer as to the amount of damages, if any, the plaintiff has sustained. The only proof has been the market price of a crop he was supposed to have obtained from this seed, and I don't think that is justification, or sufficient testimony, that would justify an award by you to the plaintiff, and for that reason I have granted the motion for a nonsuit."

Upon the basis of this statement by the trial court plaintiff contends: "that the legal question presented on this appeal is solely one as to the proper measure of damages to be applied to the facts at bar and to that end whether or not sufficient evidence was produced upon which to base that rule as to damages."

It is unnecessary to cite cases that a judgment of nonsuit will be affirmed if it can be justified on any legal ground, even though the reason advanced by the trial court is erroneous.

Plaintiff makes no claim that the record discloses any proof of fraud and deceit or scienter as alleged in his complaint but asserts a right to recover on the ground of a breach of warranty, which he claims is properly alleged in the complaint. This is in accord with the opinion of the Supreme Court in *Wolcott, Johnson, & Co.* v. *Mount,* 36 *N. J. L.* 262; *affirmed,* 38 *Id.* 496, to the effect that a statement in a contract of sale, descriptive of the thing sold, if intended to be a part of the contract, is a condition, on the failure of which

the purchaser may repudiate, or, if a rescission has become impossible, it may be treated as a warranty, for the breach of which damages may be recovered.

Plaintiff confines his argument on his brief to the point that the trial court was wrong in granting a nonsuit for plaintiff's failure to prove damages and cites *Wolcott* v. *Mount, supra; Spence* v. *Hutchinson*, 102 *N. J. L.* 131; *Stuart* v. *Burlington County Farmers' Exchange*, 89 *Id.* 12; *affirmed*, 90 *Id.* 584, and other decisions from our courts and the courts of other jurisdictions and citations from text books, to the effect that the measure of plaintiff's damages was the difference between the value of the product of the seed sold and the value of the product that would have resulted had the seed corresponded to the warranty.

We are in accord with the rule as to the measure of damages enunciated in the *Wolcott* v. *Mount* case, *supra,* but before the application of this rule of damages may be invoked, plaintiff must establish with reasonable certainty his elements of damages. Mr. Justice Depue, who wrote the opinion for the Supreme Court in the Mount case, 36 *N. J. L.* (at *p.* 272), said: "The cardinal principle in relation to the damages to be compensated for on the breach of a contract, that the plaintiff must establish the *quantum* of his loss, by evidence from which the jury will be able to estimate the extent of his injury, will exclude all such elements of injury as are incapable of being ascertained by the usual rules of evidence to a reasonable degree of certainty." In accord, *Rabinowitz* v. *Hawthorne*, 89 *Id.* 308.

Under the evidence in this case we perceive no basis for computing the alleged loss of the plaintiff because the seed delivered was not the kind he says he ordered. Nor was there proof that the seed plaintiff ordered and claims he did not receive, would have produced a better crop on this land. There was no proof that he had ever sown seed of this type on his land or that the same had been sown on land like his in the same year or other years, as in the Mount case. In the absence of proof that the seed ordered would have produced a larger crop on plaintiff's land there was no basis for the claim that the seed was the cause of the failure of the

crop. In the Mount case, upon which the plaintiff relies, there was such proof. In the instant case such proof by way of comparison to support an inference was lacking. Furthermore, the plaintiff's statement that "had the plants been productive of cucumbers for sale," 1,500 bushels would have been produced was manifestly a mere guess. There was no testimony that the plaintiff was qualified to answer this question. The record fails to disclose that plaintiff had ever before used at any time anywhere any productive cucumber seed or, as stated before, that he ever planted or raised improved long green cucumbers on his own farm or elsewhere, or that he had ever observed the results of the planting thereof in the neighborhood.

Moreover, had there been competent testimony to the effect that by using the long green cucumber seed the plaintiff could reasonably have expected to harvest a crop of 1,500 bushels of cucumbers, there was still a lack of proof as to his damages as there was no evidence offered of the probable cost of marketing a crop of this, or any, size. Counsel for plaintiff undertook on oral argument to attribute the plaintiff's failure to establish the *quantum* of his damages to the refusal of the trial court to permit plaintiff's son to answer the question as to what results he had on his farm with the improved long green cucumber seed. The son had planted this seed in the season of 1940 on his farm located one and one-half miles from plaintiff's farm. We think the trial court properly sustained the objection to the question. There was no testimony to show that the soil on the son's farm was similar in character and fertility to the soil on the father's farm or that the same method of planting and cultivation was used by both.

Upon an examination of the case after its submission on briefs a substantial majority of the members of this court were of the opinion that the plaintiff had failed to prove his right to recover substantive damages, but some of the members were inclined to think that despite the fact that the point had not been raised below or in this court on appeal the granting of a nonsuit was improper because plaintiff was entitled at least to recover the $9 paid for the seed or nominal

damages for a technical breach of contract. For this reason, the court requested an oral argument at which counsel for plaintiff, frankly stated that the sole object of the action was to recover substantive damages for the loss of a crop and that neither nominal damages nor the return of the $9 had been asked in the court below and are not asked in this court. We are, therefore, not passing upon these questions here.

A careful consideration of the oral argument and re-examination of the case leads to the conclusion that the trial court properly found that there was no testimony that would justify an award by the jury as to damages that plaintiff had sustained.

We find no error on the part of the trial court in granting defendant's motion for a nonsuit, and the judgment entered thereon is, therefore, affirmed.

*For reversal*—None.