FREDERICK NORMAN *vs.* HATHAWAY BAKERIES, INC.

Plymouth. May 8, 1953. — July 1, 1953.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Contract*, Construction, With labor union, Of employment. *Labor and Labor Union. Arbitration.*

Under a contract between a salesmen's association and an employer providing that any salesman discharged by the employer should be entitled to a hearing by a grievance committee of three members of the association on the charges against him and should be reinstated without loss of compensation unless the charges were substantiated, and that at the request of either the association or the employer any controversy between them should be submitted to the State board of conciliation and arbitration, whose decision should be final and binding on the parties, a decision by the grievance committee in favor of a discharged salesman of the employer was not final and binding and did not preclude a submission of the propriety of the discharge to the State board.

A provision of a contract between a salesmen's association and an employer for submission of any controversy between them to the State board of conciliation and arbitration and for binding finality of the board's decision was not confined in its application to controversies between the association as a whole and the employer, but extended to submission to and determination by the board of the propriety of a discharge by the employer of one of his salesmen who was a member of the association.

A member of a salesmen's association had the benefit of and was bound by a contract between his employer and the association including a provision for submission of controversies to the State board of conciliation and arbitration and for finality of the board's decisions.

CONTRACT. Writ in the District Court of Brockton dated January 31, 1952.

Upon removal to the Superior Court, the action was heard by *Hudson, J.*

*Walter G. Cogan,* for the plaintiff.

*Donald Gordon,* (*Gerald Gillerman* with him,) for the defendant.

LUMMUS, J. This is an action of contract, begun by writ dated January 31, 1952. The first count is for the

breach of a contract to employ the plaintiff. The second count is for fourteen weeks' pay at $50 a week, $700, with interest. In the Superior Court a judge, sitting without jury, found for the defendant, and made an express finding of facts.

The plaintiff was a member of Brockton Retail Bakery Salesmen's Association, which on October 30, 1948, entered into a written contract with the defendant which was to remain in effect until October 15, 1951, and thereafter until terminated by sixty days' notice. The contract provided as follows: "Any retail salesman discharged from his employment with the employer shall, if he so requests in writing within seven (7) days of said discharge be given a hearing before the grievance committee sitting with representatives of the employer, not more than ten (10) days after said request has been received, at which hearing the charges against said salesman shall be presented and said salesman shall be reinstated with full compensation for the time lost according to the terms of this agreement unless said charges shall be substantiated." The contract further provided that in case of any controversy or grievance between the parties, at the request of either party it shall be submitted to the Massachusetts State board of conciliation and arbitration, whose decision shall be final and binding on both parties. The contract provided for a grievance committee of three members of the association.

The plaintiff was discharged by the defendant on November 10, 1951, for alleged failure satisfactorily to perform his duties. The grievance committee, after a hearing on November 27, 1951, found that the charges against the plaintiff had not been substantiated, and that he should be reinstated with full compensation. The defendant refused to abide by the decision of the grievance committee, and both the defendant and the association submitted the case to the Massachusetts State board of conciliation and arbitration on the question "Has Frederick R. Norman been justifiably discharged under the terms of the contract?" That board

held a hearing on December 13, 1951, at which the plaintiff testified. That board, on January 21, 1952, decided "that Frederick R. Norman has been justifiably discharged under the terms of the contract."

The case comes here on exceptions taken by the plaintiff. The judge ruled that the plaintiff was entitled to the benefits of the contract between the association and the defendant. He refused to rule that the action of the grievance committee was final. He refused to rule that the provision for arbitration by the State board applied only to controversies between the association as a whole and the defendant. We think the action of the judge was correct. There is nothing in the contract making final and binding the decision of the grievance committee, and finality in that decision would be unreasonable in view of the fact that that committee was composed wholly of fellow employees of the plaintiff, who were "representatives of the association." The decision of the State board was expressly made final. The plaintiff was bound by, and was entitled to the benefit of, the contract between the association, of which he was a member, and the defendant. *Whiting Milk Co.* v. *Grondin,* 282 Mass. 41, 44. *Donovan* v. *Travers,* 285 Mass. 167, 173. *Members of Bakery & Confectionery Workers International Union* v. *Hall Baking Co.* 320 Mass. 286, 289. *National Overall Dry Cleaning Co.* v. *Yavner,* 321 Mass. 434, 438. *Moen* v. *Director of the Division of Employment Security,* 324 Mass. 246, 249. *Century Indemnity Co.* v. *Bloom,* 325 Mass. 52, 55.

*Exceptions overruled.*