43 N.J. Super. 186 (1956)
128 A.2d 1
ALBERT BARBERI AND EDNA BARBERI, PLAINTIFFS-RESPONDENTS,
v.
LEON BOCHINSKY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 3, 1956.
Decided December 28, 1956.
*188 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Virgil J. Lanni argued the cause for the respondents.
Mr. Arthur Knaster argued the cause for the appellant.
The opinion of the court was delivered by FRANCIS, J.A.D.
This appeal requires us to review the action of the trial court in adjudging the defendant liable for a continuing trespass on plaintiff's land and in assessing as damages the cost of removal of the encroaching structure.
Plaintiff and defendant are adjoining property owners. Plaintiff acquired ownership from the City of Bayonne in November 1950. Defendant's title to his premises was prior to that date by some years; the exact date does not appear but it antedated 1946. At the rear of defendant's land there was a sharp decline to the west across plaintiff's lot and toward Newark Bay. Rainy weather caused continuing erosion and increased the slope.
*189 In 1946, while plaintiff's predecessor City of Bayonne held title, defendant trespassed on the premises and built a reinforced concrete wall 14 feet long which, for its entire length and width, encroached four feet on the city's land. Thereafter, defendant filled in the land on his side of the wall in order to make the rear of his lot level. Since then, the defendant has used and is still using the wall for the purpose of preserving this level by preventing further erosion from storms or from the action of surface water. The contour of the land became such, its surface becoming level with the top of the wall, that neither the encroachment nor the wall was obvious from the street on which the lot fronted. Defendant does not maintain that by the encroaching construction he intended to appropriate four feet of plaintiff's property.
In 1950, when plaintiff acquired the wall-burdened premises (apparently at public auction), he was not aware of the trespass, and there is no suggestion that the price paid reflected a diminution in value because of the encroachment.
Some time before the suit was brought, when plaintiff was contemplating building garages at the rear of his lot, he discovered that the wall represented a trespass and that it would be necessary to remove it before his construction could proceed satisfactorily. Upon defendant's refusal to remedy the condition, the complaint herein was filed.
At the trial defendant maintained that the cause of action for trespass accrued prior to plaintiff's acquisition of ownership, did not pass to him with the title, and even if it did, the limitation statute barring actions at law unless brought within six years, was an insurmountable obstacle to recovery. N.J.S. 2A:14-1.
However, the argument overlooks the fact that the wall in question with its continuous and current use by defendant as a means of preventing erosion of his land, constitutes a continuing trespass. Morey v. Essex County, 94 N.J.L. 427 (E. & A. 1920); Milton v. Puffer, 207 Mass. 416, 93 N.E. 634, 32 L.R.A., N.S., 1010 (Sup. *190 Jud. Ct. 1911); McGann v. Hamilton, 58 Conn. 69, 19 A. 376 (Sup. Ct. Err. 1889); Annotations, 29 A.L.R. 839 (1924); 32 L.R.A., N.S. 1010 (1911); L.R.A. 1916E, 997, 1011, 1013, 1043; Restatement, Torts, § 161, comment b (1934). Such a trespass is actionable at least until the wrongdoer has pressed the unlawful and adverse use to the point when it becomes a prescriptive right. Delaware & Raritan Canal Co. v. Wright, 21 N.J.L. 469 (Sup. Ct. 1848); Annotation, L.R.A. 1916E, supra, 1043, note 38d; Restatement, supra, comment d. Until that time, defendant remains under a duty to abate the nuisance. Restatement, supra, § 161, comment b; Annotation, L.R.A. 1916E, supra, at page 1043. And unquestionably damages suffered by the owner of the land within six years of the institution of the suit by reason of the failure to abate, are recoverable. Morey v. Essex County, supra, 94 N.J.L., at page 430. Transfer of title to the land after the original trespass does not preclude the transferee's action where the wrong is a continuing one unless, of course, the original owner recovered in full for all present and prospective damage therefrom. Note, 27 L.Ed. 739, 740 (1926); Restatement, supra, comments b and d; McCormick, "Damages for Anticipated Injury to Land," 37 Harv. L. Rev. 574, 596-601 (1924); cf. Ballantine & Sons v. Public Serv. Corp., 86 N.J.L. 331 (E. & A. 1914). In this case no previous action was ever instituted against the defendant.
Defendant charges further that no proof of recoverable damages was introduced at the trial. He urges that the proper measure of damages in such cases is the difference between the market value of the realty before and after the trespass. That is the general rule. Manda, Inc., v. City of Orange, 77 N.J.L. 285 (Sup. Ct. 1909); 52 Am. Jur., Trespass, § 49, at 874 (1944); 87 C.J.S., Trespass, § 117 (1954). Defendant points out that he produced the only proof on the subject and it showed enhancement of value as the result of the wall rather than diminution.
*191 Defendant called a real estate expert, who submitted no figures as to market value either before or after the encroachment and who said he made no valuation of the premises in their present condition. He simply said that as the result of the wall, plaintiff's land is more valuable. It is quite obvious that the trial court gave no weight to his testimony and in the light of the entire record, we cannot say that the action was erroneous.
Judgment of $454.25 was awarded to plaintiff, representing the estimated cost of removing the wall. As already indicated, defendant continued to use it for the benefit of his land throughout the period under discussion, and since permission to go on plaintiff's land to remove it was never denied, he remained under the obligation of removing or abating it. Ballantine & Sons v. Public Serv. Corp., supra, 86 N.J.L., at page 337; Restatement, supra, comment d. Probably as the result of this duty, the law has come to recognize the right of the aggrieved landowner to recover the cost of removal of a trespassing structure which is legally abatable, so long as such cost is not in excess of the diminution in value of the land resulting from the wrong. Rempfer v. Deerfield Packing Corp., 4 N.J. 135, 147 (1950); Manda, Inc., v. City of Orange, supra; 87 C.J.S., Trespass, § 118 (1954); 52 Am. Jur., Trespass, § 49, at 874 (1944); Restatement, Torts, § 929, comment b (1939). The cost of removal, as established by the plaintiff, provided some evidence of the extent of damage. Defendant undertook unsuccessfully to show no lessening in market value of the premises. In this situation, the trial court was justified in awarding judgment according to plaintiff's proof. Manda, Inc. v. City of Orange, supra, 77 N.J.L., at pages 286, 287; Sleep v. Morrill, 199 Or. 128, 260 P.2d 487 (Sup. Ct. 1953); Hahn v. Hemenway, 96 N.H. 214, 72 A.2d 463 (Sup. Jud. 1950); Koch v. O'Brien & Nye Cartage Co., 46 N.E.2d 438 (Ohio Ct. App. 1942); Delay Mfg. Co. v. Carey, 91 N.H. 44, 13 A.2d 152 (Sup. Ct. 1940); Capri v. Jafolla & Mark, Inc., 119 Pa. Super. 563, 181 A. 448 (Super. Ct. 1935); Messenger v. Frye, 176 *192 Wash. 291, 28 P.2d 1023 (Sup. Ct. 1934); but compare, Norman v. Hathaway Bakeries, Inc., 330 Mass. 352, 113 N.E.2d 450 (Sup. Jud. Ct. 1953).
A further objection is made by defendant to the allowance by the district court as part of the costs of $25 representing the fee paid by plaintiff for the appearance of the surveyor to prove his survey. It appears that defendant had been furnished with a copy of the survey by the surveyor and that pursuant to R.R. 4:26-1 plaintiff had served on defendant in advance of trial a request for admission of the survey and of the fact of encroachment of the wall. Defendant declined to admit the survey and so the surveyor was produced. The facts were known to defendant; his son testified to them and it was stipulated that his testimony would be the same. The action of the court was discretionary and under the circumstances we find no error. R.R. 4:27-3.
Plaintiff cross-appeals from the refusal to assess the stenographic reporter's fee for appearance at the trial. The stenographer was produced by the plaintiff and appointed at his request to take the testimony. The court was correct; the matter is controlled by the statute, N.J.S. 2A:18-15, which says that the reporter acts "at the expense of the party making the application."
The entire judgment is affirmed. Costs to the plaintiff.