74 N.J. Super. 490 (1962)
181 A.2d 535
HENRY CLAY, A NEW JERSEY CORPORATION, AND VAN LEER MANUFACTURING CORP., A NEW JERSEY CORPORATION, PLAINTIFFS,
v.
CITY OF JERSEY CITY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided May 28, 1962.
*493 Mr. Leonard Lieberman and Mr. Gilbert Ehrenkranz for plaintiffs (Messrs. Hellring, Lindeman & Lieberman, attorneys).
Mr. Joseph G. Mintz for defendant (Mr. Meyer Pesin, attorney).
COLLESTER, J.S.C.
In this action the plaintiff corporations, Henry Clay and Van Leer Manufacturing Corp., owner and lessee, respectively, of a factory building located at 110 Hoboken Avenue in Jersey City, sought injunctive relief and damages from the defendant, the City of Jersey City. Pursuant to R.R. 4:33-2 and with the consent of the parties the issue of liability was first tried by this court.
Plaintiffs sought to compel the defendant municipality to repair an alleged defective sewer main buried underground through a right of way held by the city on plaintiff Henry Clay's property. They further sought to recover damages sustained due to undermining of the factory building *494 caused by the defective sewer main, alleging that the city was negligent in failing to properly maintain and keep in repair the sewer line.
At the conclusion of the trial of the issue of liability this court filed an opinion finding as a fact that (1) the sewer main owned and maintained by the defendant leaked, (2) the sewage dispersed by pressure from the sewer line caused a washing away and undermining of the soil supporting the factory bulding, (3) said undermining had caused damage to the factory building, and (4) the negligence of the defendant city in the maintenance of the sewer main had proximately caused such damage.
This court having made said findings, the issues of damages and nature of injunctive relief to which plaintiffs were entitled were then presented to the court through further hearings which have now been concluded.
Upon the resumption of hearings it was apparent that defense counsel was under a misapprehension that this court had determined that plaintiffs were entitled to injunctive relief based on evidence established solely by the preponderance of the evidence. For clarification this opinion therefore will amend and supplement the earlier opinion filed by this court.
In the course of the trial the court at the request of counsel made an inspection of the area involved. At a point where the sewer main was exposed above the ground this court observed sewage flowing through a break in the pipe. From this observation and further testimony this court found that the plaintiffs had established proof by clear and convincing evidence, free from all reasonable doubt, that the sewer main was leaking and was defective and that the dispersal of sewage from the sewer main had caused an undermining of plaintiffs' building.
Upon the resumption of hearings evidence was presented which clearly proved, without contradiction, that the sewer still leaks and discharges sewage which continues to undermine the factory building causing damage to the building. *495 Accordingly, it is clear that the plaintiffs are entitled to injunctive relief requiring the city to eliminate leakage of sewage from the sewer which is undermining the building.
In addition to injunctive relief plaintiffs are entitled to recover damages caused by the defendant which were the natural and proximate result of its negligence.
The evidence shows that in 1952 the southerly and easterly portions of the building began to settle; that as time went on cracks began to appear in the walls, door frames and stairs began to separate from the walls, and concrete slab floors began to settle. The evidence shows that despite repairs made to portions of the building this settling condition continued, causing greater damage to the property. The fact that the building has sustained damage is not denied by the defendant.
It is the contention of the defendant that the liability of the city for damage commenced only when plaintiffs notified the defendant in 1957, and that since it is impossible to allocate how much damage occurred prior thereto, plaintiff cannot recover. It is defendant's contention that any such award in money damages would be speculative. Defendant relies upon Murphy v. Atlantic Highlands, 77 N.J.L. 452 (Sup. Ct. 1909). I am satisfied Murphy is not apposite.
In the instant case defendant's liability is based not alone upon failure to repair after notice, but it is also predicated upon the city's failure to properly maintain the sewer line. It should be pointed out that the city had notice of defects in the sewer line long before 1957. The chief engineer of the municipality testified that when investigating a break in the line in 1957 he discovered it had been improperly repaired at least five or ten years earlier by the city. This clearly showed notice on the part of the city that the sewer line, constructed in 1879, had begun to deteriorate long before 1952. Nowhere in the testimony is there any evidence that the defendant had at any time caused the sewer line to be inspected for leakage or defects over the *496 years, or that any steps were taken to maintain or repair the same until defects became self-apparent.
In our State the operation of a sewer system by a municipality is held to be the exercise of a proprietary function, and liability is determined under ordinary principles of negligence, without regard to the municipal character of the tortfeasor. Cloyes v. Delaware Tp., 23 N.J. 324 (1957).
When a municipality constructs and operates a sewer system it becomes its duty to keep it in repair and free from conditions which will cause damage to private property. Its duty to keep its sewers in repair is not performed by waiting to be notified by citizens that they are out of repair, and repairing them only when the attention of municipal officials is called to the damage they have occasioned by having become dilapidated and defective. Its duty involves the exercise of a reasonable degree of watchfulness in ascertaining their condition from time to time, and preventing them from becoming dilapidated and defective. Where dilapidation and defects are the ordinary result of the use of the sewer which ought to be anticipated and could be guarded against by an occasional examination by tests or otherwise, the failure to make such examinations is a neglect of duty which renders the municipality liable for damage proximately caused thereby. See Doud v. City of Cincinnati, 152 Ohio St. 132, 87 N.E.2d 243 (Sup. Ct. 1949); City of Portsmouth v. Mitchell Mfg. Co., 113 Ohio St. 250, 148 N.E. 846, 43 A.L.R. 961 (Sup. Ct. 1925); Gravey v. City of New York, 102 N.Y.S. 1010 (App. Div. 1907); Schumacher v. City of New York, 166 N.Y. 103, 59 N.E. 773 (Ct. App. N.Y. 1901); 38 American Jurisprudence 341, sec. 636.
Accordingly, it is my opinion that the contention of the defendant that it cannot be held liable for damages which were caused to the building before 1957, when plaintiffs' representatives first complained to the city, is without merit.
*497 The rule of damage applicable to the damage sustained to the real property of the plaintiff Henry Clay corporation allows recovery based upon the diminution in value of said property caused by the defendant's negligence. 4 Restatement of Torts, sec. 929, p. 660; Rempfer v. Deerfield Packing Corp., 4 N.J. 135 (1950); Newman v. Pasternack, 103 N.J.L. 434 (E. & A. 1926); Bates v. Warrick, 77 N.J.L. 387 (Sup. Ct. 1909); Manda v. City of Orange, 77 N.J.L. 285 (Sup. Ct. 1909). Evidence of the reasonable cost of repairs necessary to restore such property to its former condition may be considered in determining such loss. Rempfer v. Deerfield Packing Corp., supra, at p. 148; Newman v. Pasternack, supra, at p. 438. Bates v. Warrick, supra, at p. 388; Manda v. Orange, supra, at p. 286.
In the instant case the evidence shows that to restore the building to its previous condition it will be necessary to employ the use of a mudjack to provide proper support for the building which has been undermined by sewage. To accomplish this, certain floors and walls must be removed and thereafter restored. In addition, some heavy equipment owned by the tenant, Van Leer Manufacturing Corp., must be taken from the premises during the operation and thereafter reinstalled. Testimony was presented to show that the reasonable cost of mudjacking and repairs would be in the amount of $78,797, while the cost of removal and subsequent reinstallation of the heavy machinery would be $21,200.
The plaintiff Henry Clay corporation also presented evidence of expenditures made in a reasonable effort to avert harm to the building during the period from 1957 to 1961. Such damage is recoverable. See 4 Restatement of Torts, sec. 919, p. 613; Smith v. Okerson, 8 N.J. Super. 560, 566 (Ch. Div. 1950). Proof of necessary expenditures in the amount of $515 was established.
The plaintiff Van Leer Manufacturing Corp., tenant in the factory building, seeks damage for prospective loss of profits and expenses to be incurred during the period of time that it will be unable to operate its business when the *498 factory building is being repaired. While plaintiffs' witnesses testified that the repair work would require a period of ten weeks for such work to be done, plaintiffs' answers to interrogatories have limited the period during which the factory would be shut down to one month. The court will be guided by such limitation.
Van Leer Manufacturing Corp. claims it will lose profits estimated at $1,240 per month. This amount was based upon its past earnings over a period of two years. Loss of profits, where based on sound fact and not on mere opinion evidence, is recognized as a proper measure of damages if capable of being estimated with a reasonable degree of certainty. Stanley Co. of America v. Hercules Powder Co., 16 N.J. 295, 314 (1954); Oliver v. Autographic Register Co., 126 N.J. Eq. 18 (Ch. 1939); Iuliucci v. Rice, 130 N.J.L. 271 (E. & A. 1943); Adrian v. Rabinowitz, 116 N.J.L. 586 (Sup. Ct. 1936); Rabinowitz v. Hawthorne, 89 N.J.L. 308 (E. & A. 1916); Bartow v. Erie Ry. Co., 73 N.J.L. 12 (Sup. Ct. 1905); East Jersey Water Co. v. Bigelow, 60 N.J.L. 201 (E. & A. 1897). See also a like situation in City of Terre Haute v. Hudnut, 13 N.E. 686 (Ind. Sup. Ct. 1887).
In the instant case I see no justifiable reason for averaging the prospective monthly profit over a two-year period. I am of the opinion that the profits earned during the last year of 1960 give a proper basis for determination of expectant profits. The total annual profit for 1960 was $5,960. A proper basis for a monthly loss would be $496.
In addition to loss of profits Van Leer Manufacturing Corp. claims damages based on its overhead expenses and payroll for one month. It claims that its approximately 20 employees would necessarily have to be paid, otherwise it might "lose" them. The total damages claimed for wages and overhead are $16,333.
The law requires that a party who has been injured by a tort must make a reasonable effort to mitigate his damages. McGraw v. Johnson, 42 N.J. Super. 267, *499 273-4 (App. Div. 1956); Frank Stamato & Co. v. Borough of Lodi, 4 N.J. 14, 21 (1950); 4 Restatement of Torts, sec. 918, p. 601 (1939).
It is my opinion that the plaintiff Van Leer Manufacturing Corp. must use all reasonable effort to mitigate its damages during the period of the plant shutdown. In my judgment it cannot, in effect, give "vacation pay" for the period of shutdown to its employees at the expense of the defendant. There are certain fixed expenses for the period which this plaintiff could not eliminate. It would be required to pay rent, insurance and its personal property tax. Not to award this plaintiff damages for these items would make a mockery of its award of damages for loss of profits. These items of damage for one month total $4,388.
The plaintiff Van Leer Manufacturing Corp. also claims damages in the amount of $9,074 as its estimated cost of "subsidizing" another corporation, the Van Leer Chocolate Corporation, during the one-month period the Van Leer Manufacturing Corp. will be unable to continue its operations while repairs are being made to the factory.
Van Leer Chocolate Corporation is not a party to this action. It is a sales corporation which sells the products manufactured by the plaintiff Van Leer Manufacturing Corp., and merchandise imported by another corporation, the Van Leer Products Corporation. Van Leer Products Corporation is also not a party to this action. It is conceded that in the normal course of events no monthly payments are made by the plaintiff to the Van Leer Chocolate Corporation.
It is the contention of the plaintiff Van Leer Manufacturing Corp. that since it will not be able to manufacture chocolate products during the one-month period of shutdown, Van Leer Chocolate Corporation will have no merchandise to sell except products imported by the Van Leer Products Corporation. It estimates that it will have to subsidize the Van Leer Chocolate Corporation by paying $9,074 to cover the salaries and expenses of its sales force.
*500 I am satisfied that this claim for damages cannot be recovered. I have heretofore stated that the law requires that a party who has been injured by a tort must make a reasonable effort to mitigate his damages. McGraw v. Johnson, supra; 4 Restatement of Torts, sec. 918, p. 601 (1939). Here, again, I am of the opinion that Van Leer Manufacturing Corp. cannot in effect give "vacation pay" during the period of the shutdown to the employees of Van Leer Chocolate Corporation. Furthermore, I am convinced that such a loss could be avoided by increasing the inventory of Van Leer Manufacturing Products in prospect of such a shutdown, which inventory could be the subject of sales by the Chocolate Corporation. Since the Chocolate Corporation also sells imported merchandise for Van Leer Products Corporation, I am satisfied also that damages for a loss as claimed by the plaintiff would be speculative and uncertain.
The defendant City of Jersey City presented evidence that the reasonable cost of repairs to the Henry Clay factory would be in the amount of $5,399.20. However, such evidence is not offered to offset the evidence presented by the plaintiffs that a mudjacking operation is required to restore the building to its former condition. It apparently disregards such testimony, like the proverbial ostrich burying its head in the sand. The defendant's expert concedes that if soil had been washed away under the foundation of the building, it would affect his "diagnosis" of what would have to be done to repair the building. He also concedes that the repair work he estimated would have to be done would not prevent damage from recurring if the building continued to settle.
A person injured by the tort of another is entitled to recover damages from the tortfeasor for all harm, past, present and prospective, legally caused by the tort, 4 Restatement of Torts, sec. 910, p. 559 (1939), provided that he establishes by proof the extent of such harm and the amount of money representing adequate compensation with such certainty as the nature of the tort and the circumstances *501 permit. 4 Restatement of Torts, sec. 912, p. 574 (1939).
Based upon the evidence presented in this cause, it is my finding that the plaintiff Henry Clay corporation is entitled to an award of damages against the defendant City of Jersey City in the amount of $100,512 and the plaintiff Van Leer Manufacturing Corp. is entitled to an award of damages against the defendant City of Jersey City in the amount of $4,884.
It is likewise evident that unless the defendant City of Jersey City takes prompt action to prevent further leakage from the sewer in question, further damage to the plaintiffs and possibly other property owners in the immediate area will result. I am satisfied by the clear and convincing proof that the plaintiffs are entitled to injunctive relief requiring the defendant City of Jersey City to repair its sewer line.
Judgment will be rendered accordingly and a proper form of judgment, consented to as to form or settled upon due notice pursuant to R.R. 4:55-1, should be presented.